UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BARBARA M. CARGILL                                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:13CV112 DPJ-FKB

MISSISSIPPI VALLEY TITLE INSURANCE COMPANY                              DEFENDANT

ORDER

This age-discrimination action is before the Court on Defendant Mississippi Valley Title Insurance Company's partial motion to dismiss [4] pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant seeks dismissal of Plaintiff Barbara M. Cargill's retaliation claim based on her failure to allege in her Complaint that she engaged in protected conduct. Plaintiff has not responded in opposition to the motion, and the time to do so has now passed.

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

The Age Discrimination in Employment Act (ADEA) prohibits discrimination in the workplace based on age and protects workers over the age of 40. 29 U.S.C. § 623. In addition, the Act makes it unlawful for an employer to retaliate against an employee for engaging in protected conduct. *Id.* Defendant submits that Cargill has not pleaded a prima facie case of retaliation, and the Court agrees.

To establish a prima facie case of retaliation, a plaintiff must show (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) there was a causal link between the protected activity and the adverse employment action. *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011). An employee has engaged in protected activity if she has either (1) opposed any practice made unlawful by the ADEA or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADEA. *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (Title VII retaliation case); *see Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 531 n.1 (5th Cir. 2003) ("This court has held that analysis of retaliation claims is the same for ADEA claims as it is for Title VII claims."). "An employee's informal complaint to an employer may constitute participation in a protected activity, provided that the complaint is in opposition to conduct that is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness." *Clark v. Chickasaw Cnty., Miss.*, No. 1:09CV192–SA–JAD, 2010 WL 3724301, at *3 (N.D. Miss. Sept.

16, 2010) (citations and quotation omitted); *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (noting a plaintiff must show she had a "reasonable belief that the employer was engaged in unlawful employment discrimination"). "Complaints to employers that do not complain of conduct protected by [the ADEA] do not constitute protected activities under the statute." *Clark*, 2010 WL 3724301, at *3 (citation and internal quotation marks omitted).

In her Complaint, Cargill alleges that Defendant gave her more work than she could complete in a 40 hour week, treated her differently than younger employees, subjected her to verbal harassment, and ultimately laid her off because of her age. She uses the term "retaliation" twice in her Complaint, but she has not alleged in the Complaint that she complained about or protested discriminatory conduct. *See* Compl. [1] ¶ 15 ("As a direct and proximate result of Defendant's age discrimination and retaliation toward Plaintiff, Plaintiff has suffered aggravation and severe mental anguish and emotional distress.") and ¶ 18 ("Defendant's actions constitute age discrimination, a direct violation of the Age Discrimination [i]n Employment Act, and unlawful retaliation."). Because Cargill failed to plead facts showing that she is entitled to relief on a retaliation claim, any such claim is due to be dismissed.

Based on the foregoing, the Court finds Defendant's motion for partial dismissal [4] should be granted.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE