UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARBARA M. CARGILL                                                          PLAINTIFF

vs.                                                    CIVIL ACTION NO. 3:13-cv-112 DPJ-FKB

MISSISSIPPI VALLEY TITLE INSURANCE COMPANY                     DEFENDANT

ORDER

This employment dispute is before the Court on Defendant's Motion for Summary

Judgment [32].  Plaintiff responded in opposition.  The Court, having fully considered the

parties' memoranda and applicable authorities, finds that Defendant's motion should be granted

as to the conceded age-discrimination claim but denied as to the wage-and-hour claim.

I.        Facts and Procedural History

Defendant Mississippi Valley Title Insurance Company (Valley) employed Plaintiff

Barbara M. Cargill from December 1975 to September 1979 and again from March 1992 to

October 2012.  Pl.'s Resp. Mem. [37] at 1.  In her most recent position, Cargill prepared

residential-loan closings for Valley's Escrow Department.  *Id.*  In October of 2012, Valley

terminated Cargill, stating that budget cuts forced departmental reorganization.  Def.'s Mem.

Supp. Mot. Summ. J. [33] at 3.  As part of this reorganization, Valley no longer provides

document services to its agents and attorneys.  *Id.*

Cargill filed this action against her former employer seeking unpaid overtime wages

under the Fair Labor Standards Act (FLSA).  Pl.'s Compl. [1] ¶¶ 17–23.  She contends that,

while her time sheets may indicate otherwise, she worked an average of 50 hours per week

without receiving overtime pay.  Pl.'s Resp. Mem. [37] Ex. A, Cargill Aff. ¶¶ 11–12.  Her time

sheets notwithstanding, Cargill argues that management knew or should have known that she was

working more than a 40-hour workweek.  Pl.'s Resp. Mem. [37] at 6.  Valley seeks summary

judgment on this claim, and Plaintiff has responded in opposition.  The Court has personal and

subject-matter jurisdiction and is prepared to rule.

II.     Legal Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure

when evidence reveals no genuine dispute regarding any material fact and that the moving party

is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the

district court of the basis for its motion and identifying those portions of the record it believes

demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party

must then go beyond the pleadings and designate "specific facts showing that there is a genuine

issue for trial."  *Id.* at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and

legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for

trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*,

10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)

(en banc).

When reviewing the evidence, factual controversies are to be resolved in favor of the

nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."

*Little*, 37 F.3d at 1075.  If such contradictory facts exist, the court may "not make credibility

2

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III.   Analysis

    A.   Relevant Time Period

Cargill admits she was an exempt employee prior to August 1, 2011, and not entitled to overtime pay for that period.  Pl.'s Resp. Mem. [37] at 3.  As such, the only remaining claim is that for overtime pay from August 1, 2011, to October 31, 2012.

    B.   Overtime Pay

Cargill alleges that Valley failed to compensate her for overtime that amounted to, on average, 10 hours per week.  Pl.'s Resp. Mem. [37] Ex. A, Cargill Aff. ¶¶ 11–12.  Cargill admits she recorded only 40 hours per week on her time sheet, but states "[she] would never put down that [she] worked more than 40 hours because [she] knew [she] wasn't going to get paid for it." Def.'s Mot. Summ. J. [32] Ex. A, Cargill Dep.,  Jan. 27, 2014, at 34:9–16.  Yet Cargill also says that it was common knowledge among Valley employees—including management—that she regularly worked overtime.  *Id.* at 35:12–24.

    1.   FLSA Standards

The parties agree that Cargill was a non-exempt employee after August 1, 2011, for the purposes of applying FLSA requirements.  Def.'s Mem. Supp. Mot. Summ. J. [33] at 16.  "The Fair Labor Standards Act mandates that 'no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.'"  *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428,

441 (5th Cir. 2005) (quoting 29 U.S.C. § 207(a)(1)).  Under the FLSA, an employee may sue for

unpaid minimum wage, unpaid overtime compensation, and liquidated damages.  29 U.S.C.A. §

216 (2011).

To sustain a claim for overtime pay, plaintiffs must show actual or constructive

knowledge on behalf of their employer.  *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir.

1995).  Constructive knowledge arises when the employer, "exercising reasonable diligence,"

would be aware the employee is working overtime.  *Von Friewalde v. Boeing Aerospace*

*Operations, Inc.*, 339 F. App'x 448, 445 (5th Cir. 2009) (citing *Brennan v. Gen. Motors*

*Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir. 1973)).  Employers "cannot stand idly by and

allow an employee to perform overtime work without proper compensation, even if the employee

does not make a claim for overtime compensation."  *Newton*, 47 F.3d at 748.

Generally speaking, the employee bears the burden of showing that she performed work

for which she was not properly compensated.  *Anderson v. Mount Clemens Pottery Co.*, 328 U.S.

680, 686–88 (1946).  When the employer's time records are "inaccurate or inadequate," the

plaintiff can meet the initial burden by "produc[ing] sufficient evidence to show the amount and

extent of that work as a matter of just and reasonable inference."  *Id*. at 687.  "The burden then

shifts to the employer to come forward with evidence of the precise amount of work performed

or with evidence to negative the reasonableness of the inference to be drawn from the employee's

evidence."  *Id*. at 687–88.

Finally, an employee can waive the right to seek unpaid overtime compensation if she

submits faulty time records.  *Newton*, 47 F.3d at 748–49 (citing *Forrester v. Roth's I.G.A.*

*Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (employee submitted time sheets without

overtime hours and failed to show employer should have known about overtime); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972) (employee estopped from claiming time not reflected on time sheets)). But a significant caveat to this rule applies: "[A]n employee would not be estopped from claiming additional overtime if 'the court found that the employer knew or had reason to believe that the reported information was inaccurate.'" *Newton*, 47 F.3d at 749 (quoting *Brumbelow*, 462 F.2d at 1327).

> 2. Cargill's Claim

Cargill has presented sufficient information to create a question of fact as to the accuracy of her time sheets; whether Defendant knew or should have known that she allegedly worked overtime; and whether she has demonstrated the amount of overtime "as a matter of just and reasonable inference." *Anderson*, 328 at 687. More specifically, she points to three categories of proof: (1) her records show she worked 40 hours per week to the minute, without any deviation; (2) her key card access records reveal entry and exit from the workplace at different hours than reflected on her time-sheets; and (3) other employees, including management, knew she regularly worked overtime. Pl.'s Resp. Mem. [37] at 5.

While the first two may or may not carry much weight, her third assertion does. According to Cargill, she told management she could not complete her job within 40 hours a week and that it was common knowledge she routinely worked overtime. Pl.'s Resp. Mem. [37] Ex. A., Cargill Dep., Jan. 27, 2014, at 36:12–37:19; *Id.* at 80:1–10. In addition, Carolyn Freeman, a former Vice President at Valley, claims that she personally witnessed Cargill's arrival and departure times and confirmed that Cargill regularly worked over 40 hours a week. Freeman Aff. [38] at ¶¶ 9–13. Defendant did not address Freeman's affidavit in its reply. Lastly, Cargill

5

asked her supervisor, Brian Sansing, for paid leave to offset overtime hours.  Pl.'s Resp. Mem. [37] Ex. A., Cargill Dep. at 77:13–78:6.  Though that conversation did not expressly address a request for overtime, the context—when viewed in a light most favorable to the nonmoving party—could suggest knowledge that overtime hours were worked.

Since Cargill alleges sufficient evidence to survive summary judgment under the "reasonable inference" standard, the burden shifts back to Valley to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 686–88.  Valley presents no such evidence in that regard; it simply argues that Cargill's own testimony is insufficient to support a calculation of overtime hours.  As such, a genuine issue of material fact remains with regard to Cargill's overtime claim, and summary judgment should therefore be denied.

IV.    Conclusion

The Court has considered all the arguments.  Those not specifically addressed would not change the result.  For the foregoing reasons, Defendant's Motion for Summary Judgment [32] is granted as to Plaintiff's age-discrimination claim but denied as to Plaintiff's wage-and-hour claim from August 1, 2001, to October 31, 2012.[1]

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1]  If the parties believe that a settlement conference before Magistrate Judge F. Keith Ball would be productive, they are encouraged to contact Judge Ball's chambers to set up mediation in advance of the pretrial conference scheduled for June 13, 2014.

6